Case No. 25-132

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## IN RE SAP AMERICA, INC.,

*Petitioner.*

On Petition for a Writ of Mandamus to the
United States Patent and Trademark Office in IPR2024-01495

## MOTION OF PUBLIC INTEREST PATENT LAW INSTITUTE
## FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE
## IN SUPPORT OF PETITION FOR A WRIT OF MANDAMUS

Alex H. Moss
PUBLIC INTEREST PATENT LAW INSTITUTE
79405 Hwy 111 Ste 9-414
La Quinta CA 92253
(818) 281-2191
alex@piplius.org

*Counsel for Amicus Curiae*

# CERTIFICATE OF INTEREST

Pursuant to Federal Circuit Rules 29(a) and 47.4, counsel for the Public Interest Patent Law Institute certifies that:

1. The full name of the party that I represent is:

    Public Interest Patent Law Institute.

2. The name of the real party in interest (if the party named in the caption is not the real party in interest) I represent is: None.

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party I represent are: None.

4. The names of all other law firms, partners, or associates who have not entered an appearance in this appeal and either appeared for the party I represent in the originating court or are expected to appear in this Court are: None.

5. The title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal: None beyond those disclosed by the parties.

6. No disclosure regarding organizational victims in criminal cases or debtors or trustees in bankruptcy cases is applicable under Fed. R. App. P. 26.1(b) or (c).

June 20, 2025

/s/ Alex H. Moss
Alex H. Moss

# MOTION FOR LEAVE TO FILE AMICUS BRIEF[1]

Pursuant to Federal Circuit Rule 21(e), the Public Interest Patent Law Institute ("PIPLI") respectfully moves for leave to file an amicus curiae brief in support of the petition for a writ of mandamus.

PIPLI is a nonprofit, nonpartisan public interest organization dedicated to ensuring the patent system promotes innovation and access for the public's benefit. In service of its mission, PIPLI assists people navigating the patent system; provides education; conducts research; and advocates for the public's interest in government proceedings. As part of this work, PIPLI frequently files amicus briefs in cases involving issues of public concern, such as *Amgen Inc. v. Sanofi*, 598 U.S. 594 (2023), *In re Nimitz Techs. LLC,* No. 2023-103, 2022 WL 17494845 (Fed. Cir. Dec. 8, 2022, and *OpenSky Indus. LLC v. VLSI Tech. LLC,* IPR2021-01064 (P.T.A.B. Oct. 17, 2022).

The public has a powerful interest in the outcome of this case because IPR proceedings are vitally important to efforts to address the drug pricing crisis in this country. Invalid patents often serve as formidable

---

[1] No party or party counsel wrote any part of this brief. No party or party's counsel made a monetary contribution intended to fund the preparation or submission of this brief.

1

barriers to research, competition, and access to medicine. By facilitating the cancellation of wrongly granted patents, IPRs facilitate the removal of these barriers when they are unjust, opening the door to research and competition that improve the quality and affordability of medical care. As detailed in the accompanying brief, empirical research confirms that IPRs leading to the cancellation of drug patents lead to swift and staggering reductions in drug prices.

Along with numerous patient advocates, health care professionals, and academics, PIPLI has been researching, reporting on, and advocating for more accessible, fair, and effective IPR proceedings for years. *See, e.g.*, Alex Moss, *Driving Down Drug Prices: Why It's Good to Challenge Bad Patents*, PIPLI, April 1, 2024, https://www.piplius.org/news/ipr-driving-down-drug-prices; Alex Moss, *Public Interest Groups to Congress: Protect Public Access to Administrative Patent Challenges*, PIPLI, April 26, 2023, https://www.piplius.org/news/public-interest-groups-to-congress-protect-the-publics-ability-to-challenge-invalid-patents. Having worked extensively on these issues, PIPLI and the constituencies it represents understand the importance of ensuring that rules governing IPR proceedings—and procedures through which they are promulgated—are lawful.

Amicus participation will benefit the Court by presenting information and perspectives from these constituencies, which the parties are not positioned to represent adequately. As one judge of this Court has recognized: "The system needs greater policy and empirical input from those with divergent views . . . to educate the courts as to the larger issues involved, and how those issues impact constituencies not before the court as parties." Timothy B. Dyk, *Ten Prescriptions for Patent Law*, 17 Stan. Tech. L. Rev. 345, 353 (2013-2014). That is precisely the need the accompanying brief seeks to address.

We therefore respectfully request leave to file it.

Respectfully submitted,

/s/ Alex H. Moss

Alex H. Moss
PUBLIC INTEREST PATENT LAW INSTITUTE
79405 Hwy 111 Ste 9-414
La Quinta CA 92253
(818) 281-2191
alex@piplius.org

*Counsel for Amicus Curiae*

Dated: June 20, 2025

# CERTIFICATE OF COMPLIANCE

I hereby certify as follows:

    1.    This motion complies with the type-volume limitation of Federal Circuit Rule 21(e). There are 479 words in the motion according to the word count of the word-processing system used to prepare the brief (excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f) and Federal Circuit Rule 32(b)).

    2.    This motion complies with the typeface and style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (a)(6). This document has been prepared using Microsoft Office Word in a proportionally spaced typeface in 14-point Century Schoolbook font.

Dated: June 20, 2025                            /s/ Alex H. Moss
                                                                                Alex H. Moss

**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2025, I caused the foregoing to be served by electronic means via the Court's CM/ECF system on all counsel registered to receive electronic notices.

/s/ Alex H. Moss<br>
Alex H. Moss