**No. 25-132**

United States Court of Appeals
for the Federal Circuit

In re SAP America, Inc.,
*Petitioner*

On Petion for a Writ of Mandamus to the United States Patent and
Trademark Office in IPR2024-01495

**BRIEF OF US\*MADE, THE ALLIANCE FOR AUTOMOTOVE
INNOVATION, THE HIGH TECH INVENTORS ALLIANCE,
ACT|THE APP ASSOCIATION, AND THE COMPUTER &
COMMUNICATIONS INDUSTRY ASSOCIATION IN SUPPORT OF
SAP AMERICA AND THE PETITION FOR RELIEF**

Joseph Matal
CLEAR IP, LLC
888 16th St., NW
Suite 300
Washington, DC 20006
(202) 654-4500
Joseph.Matal@clearpatents.com

*Counsel for Amici Curiae*

June 20, 2025

# CERTIFICATE OF INTEREST

Pursuant to Federal Circuit Rules 29(a) and 47.4, counsel for amici certifies that:

1. The full name of the parties that I represent is US*MADE, the Alliance for Automotive Innovation, ACT|The App Association, the Computer & Communications Industry Association, and the High Tech Inventors Alliance

2. There are no real parties in interest of parties that I represent

3. There are no parent corporations or publicly held companies that own ten percent or more of the stock of the parties that I represent

4. No other law firms, partners, or associates who have not entered an appearance in this appeal either appeared for the parties that I represent in the originating court or are expected to so appear in this Court

5. I do not know of any case in this or any other court or agency that will directly affect or be directly affected by this Court's decision in this case

6. No disclosure regarding organizational victims in criminal cases or debtors or trustees in bankruptcy cases is required under Fed. R. App. P. 26.1(b) or (c).

June 20, 2025                                  */s/ Joseph Matal*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................ ii

INTEREST OF AMICI CURIAE .................................................... v

ARGUMENT ................................................................................. 1

    I.  It is clear and indisputable that an administrative agency such as the USPTO cannot apply new rules retroactively. 1

   II.  It is clear and indisputable that the USPTO's elimination of the Fintiv safe harbors is being applied retroactively— and is unconstitutional. ................................................ 5

  III. There is a pressing need for this Court's intervention to restore due process at the USPTO. ................................. 13

CONCLUSION .............................................................................. 17

# TABLE OF AUTHORITIES

## Cases

*Block v. North Dakota ex rel. Bd. of University and School Lands*, 461 U.S. 273 (1983).................................................................12, 13

*Board of County Commissioners of Weld County, Colorado v. EPA*, 72 F.4th 284 (D.C. Cir. 2023)......................................................... 4

*Bowen v. Georgetown University Hosp.*, 488 U.S. 204 (1988).......... 1

*Brown v. Angelone*, 150 F.3d 370 (4th Cir. 1998)...........................13

*Chenault v. U.S. Postal Service*, 37 F.3d 535 (9th Cir. 1994) ..........12

*Durr v. Nicholson*, 400 F.3d 1375 (Fed. Cir. 2005).......................2, 3

*In re Apex Exp. Corp.*, 190 F.3d 624 (4th Cir. 1999) .....................12

*Landgraf v. USI Film Prods.*, 511 U.S. 244 (1994).......................1, 11

*Miller v. Florida*, 482 U.S. 423 (1987)............................................10

*PHH Corp. v. CFPB*, 839 F.3d 1 (D.C. Cir. 2016)........................2, 10

*Rogers v. United States*, 180 F.3d 349 (1st Cir. 1999) ...................18

*Ross v. Artuz*, 150 F.3d 97 (2nd Cir. 1998) .............................12, 13

*Satellite Broadcasting Co., Inc. v. FCC*, 824 F.2d 1 (D.C. Cir. 1987)  2

*Schweihs v. Burdick*, 96 F.3d 917 (7th Cir. 1996) .........................19

*Steven I. v. Central Bucks School Dist.*, 618 F.3d 411 (3rd Cir. 2010) .................................................................................................12

*Stolz v. FCC*, 882 F.3d 234 (D.C. Cir. 2018) ................................... 4

*Texaco, Inc. v. Short*, 454 U.S. 516 (1982) ....................................12

*Whitserve, LLC v. Computer Packages, Inc.*, 694 F.3d 10 (Fed. Cir. 2012)...............................................................................................11

### PTAB Decisions

*Advanced Micro Devices, Inc. v. Xtreamedge Inc et al.*, IPR2025-00223 (Jun. 12, 2025) .................................................. 8

*Apple Inc. v. Haptic, Inc.*, IPR2024-01476 (Apr. 4, 2025)................. 7

*Apple Inc. v. Seven Networks, LLC*, IPR2020-00156 (Jun. 15, 2020). ....................................................................................... 5

*AviaGames, Inc. v. Skillz Platform, Inc.*, IPR 2022-00539 (Mar. 2, 2023) ...................................................................................15

*Charter Commc'ns, Inc. v. Adaptive Spectrum and Signal Alignment, Inc.*, IPR2024-01379 (Apr. 17, 2025).......................................... 8

*Cipla Ltd v. Gilead Sciences Inc.*, IPR2025-00033 (May 15, 2025) ... 8

*Dabico Airport Sols. Inc v. HydraFacial LLC et al.*, IPR2025-00408 (Jun. 18, 2025) .......................................................................14

*Dell Inc. v. Universal Connectivity Technologies, Inc.*, IPR2024-01479 (Apr. 7, 2025)........................................................................... 7

*Ericsson Inc. et al. v. Procomm International Pte. Ltd.*, IPR2024-01455 (May 16, 2025) ............................................................... 8

*Ericsson Inc. v. Pegasus Wireless Innovation LLC*, IPR2025-00084 (Jun. 6, 2025) ......................................................................8, 9

*Google LLC and Samsung Elecs. Co., Ltd. v. Cerence Operating Co.*, IPR2024-01465 (Apr. 23, 2025)................................................. 8

*Highlevel Inc v. Clickfunnels et al.*, IPR2025-00234 (Jun. 2, 2025).16

*HP Inc. v. Universal Connectivity Technologies, Inc.*, IPR2024-01429 (Apr. 16, 2025)......................................................................... 7

*Hulu, LLC v. Piranha Media Distribution, LLC*, IPR2024-01252 (Apr. 17, 2025) .......................................................................15

*Innolux Corp v. Phenix Longhorn LLC*, IPR2025-00043 (May 15, 2025)...................................................................................... 8

*iRhythm Inc et al. v. Welch Allyn Inc.*, IPR2025-00363 (Jun. 6, 2025) ...................................................................................................14

*Klein Tools, Inc. v. Milwaukee Elec. Tool Corp.*, IPR2024-01401 (Jun. 9, 2025) ................................................................................. 9

*Lenovo (United States) Inc. v. Universal Connectivity Technologies, Inc.*, IPR2024-01482 (Apr. 17, 2025)........................................... 8

*Motorola Solutions, Inc. v. Stellar, LLC*, IPR2024-01205 (Mar. 28, 2025) ................................................................................... 7

*Nokia of America Corp. v. Pegasus Wireless Innovation LLC*, IPR2025-00036 (Apr. 25, 2025) ...............................................8, 9

*Samsung Bioepis Co Ltd v. Regeneron Pharmaceuticals Inc.*, IPR2025-00176 (Jun. 2, 2025) ................................................. 8

*Samsung Elecs. Am., Inc. v. Collision Commc'ns, Inc.*, IPR2025-00011 (Apr. 28, 2025) ............................................................... 8

*Samsung Elecs. Co., Ltd. v. SiOnyx, LLC*, IPR2025-00064 (Apr. 10, 2025)....................................................................................8, 9

*Samsung Elecs. Co., Ltd. v. Truesight Commc'ns LLC*, IPR2025-00123 (Apr. 21, 2025) ............................................................. 8

*SAP America, Inc. v. Cyandia, Inc.*, IPR2024-01496 (Apr. 7, 2024) .. 7

*Shenzhen Tuozhu Technology Co., Ltd. v. Stratasys Inc. et al.*, IPR2025-00354 (Jun. 12, 2025) ................................................. 8

*Shopify Inc v. DKR Consulting LLC*, IPR2025-00132 (May 29, 2025 ) ...................................................................................................16

*Skechers USA Inc v. Nike Inc.*, IPR2025-00141 (Jun. 10, 2025)......16

*Solus Advanced Materials Co., Ltd. V. SK nexilis, Co., Ltd.*, IPR2024-01460 (Apr. 25, 2025) ............................................................. 8

*Sotera Wireless, Inc. v. Masimo Corp.*, IPR2020-01019 (Dec. 1, 2020) ................................................................................... 6

iv

*TCL Elecs. Holdings Ltd. v. Maxell Ltd.*, IPR2025-00134 (May 20, 2025) ...................................................................................... 8

*Tessell, Inc. v. Nutanix, Inc.*, IPR2025-00322 (Jun. 12, 2025) ........16

*Verizon Connect Inc v. Omega Patents LLC*, IPR2023-01162 (Jun. 3, 2025) .....................................................................................16

### *Legislative Materials*

157 Cong. Rec. S5429 (daily ed. Sep. 8, 2011) ............................... 6

H.R. Rep. No. 96-1307, 96th Cong. (1980) .................................... 9

Weekly Compilation of Presidential Documents, President Jimmy Carter, Dec. 12, 1980, Vol. 16, No. 50 ........................................ 9

### *Other Authorities*

Dani Kass, "Stewart's Newest Discretionary Denial Has Attorneys on Edge," Law360, Jun. 10, 2025 ...................................................15

Melissa Ritti, "Reliance on 'settled expectations' leaves ex-USPTO leaders unsettled," MLex, Jun. 10, 2025 ...................................15

USPTO, Interim Procedure for Discretionary Denials in AIA Post-Grant Proceedings With Parallel District Court Litigation, Jun. 21, 2022...................................................................................... 5

## INTEREST OF AMICI CURIAE

The U.S. Manufacturers Association for Development and Enterprise is a nonprofit association representing companies manufacturing diverse goods in the United States.

The Alliance for Automotive Innovation represents the full automotive industry, including the manufacturers producing most vehicles sold in the U.S. and equipment suppliers.

The High Tech Inventors Alliance (HTIA) represents leading technology providers and includes some of the most innovative companies in the world.

ACT | The App Association ("App Association") is a global policy trade association that represents entrepreneurs, innovators, and independent developers within the app ecosystem that engages with verticals across every industry.

The Computer & Communications Industry Association is an international, not-for-profit trade association representing a broad cross section of communications and technology firms.

Amici's members are both patent owners and targets of patent litigation and rely on the technical skill and accuracy of PTAB patent validity reviews.[1]

---

[1] No counsel for any party wrote any part of this brief. No party other than amici curiae's members contributed money that was intended

to fund the preparation or submission of this brief. This brief is accompanied by a motion seeking leave to file.

**ARGUMENT**

## I. It is clear and indisputable that an administrative agency such as the USPTO cannot apply new rules retroactively.

"Elementary considerations of fairness dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly." *Landgraf v. USI Film Prods.*, 511 U.S. 244, 265 (1994). "In a free, dynamic society, creativity in both commercial and artistic endeavors is fostered by a rule of law that gives people confidence about the legal consequences of their actions." *Id.* at 266.

Limits on retroactive rulemaking apply with special force to executive agencies. "It is axiomatic that an administrative agency's power to promulgate legislative regulations is limited to the authority delegated by Congress." *Bowen v. Georgetown University Hosp.*, 488 U.S. 204, 208 (1988). For this reason, "a statutory grant of legislative rulemaking authority will not, as a general matter, be understood to encompass the power to promulgate retroactive rules unless that power is conveyed by Congress in *express terms.*" *Id.* (emphasis added).

Relatedly, "traditional concepts of due process incorporated into administrative law preclude an agency from penalizing a

private party for violating a rule without first providing adequate notice of the substance of the rule." *Satellite Broadcasting Co., Inc. v. FCC*, 824 F.2d 1, 3 (D.C. Cir. 1987). "The Due Process Clause limits the extent to which the Government may retroactively alter the legal consequences of an entity's or person's past conduct." *PHH Corp. v. CFPB*, 839 F.3d 1, 41 (D.C. Cir. 2016), *reinstated in relevant part and reversed on other grounds*, 881 F.3d 75 (D.C. Cir. 2018) (en banc). "Due process therefore requires agencies to 'provide regulated parties fair warning of the conduct a regulation prohibits or requires.'" *Id.* at 46 (quoting *Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142 (2012).

This Court has applied these principles to invalidate an agency's attempt to retroactively apply new rules governing appeals before the agency. In *Durr v. Nicholson*, 400 F.3d 1375 (Fed. Cir. 2005), a veteran had sought to appeal the denial of his benefit claim to the Court of Appeals for Veterans Claims ("Veterans' Court"). The Veterans' Court "dismissed his appeal for failure to file a timely notice of appeal." *Id.* at 1377. As this Court noted, between the time when the veteran had filed his notice of appeal and when the Veterans' Court dismissed the appeal, the Veterans' Court changed its rules to "impose[] new requirements that a notice of appeal show

2

the appellant's telephone number and VA claims file number." *Id.*
at 1379. The Veterans' Court applied this new rule retroactively to
bar the veteran's appeal. *See id.* at 1378 ("The Veterans' Court
concluded that the January 29 notice was fatally defective as a
notice of appeal because [the veteran] . . . did not include in the
document his . . . telephone number and VA claims file number.").

This Court reversed. It applied the principle that an agency
cannot "promulgate retroactive rules unless that power is conveyed
by Congress in express terms." *Id.* at 1380 (quoting *Bowen*, 488
U.S. at 208). The Court concluded that the Veterans' Court's
"statutory grant of rulemaking authority does not contain any
authorization for retroactive rulemaking." *Id.* It then held that
applying the new rule "would have an impermissible retroactive
effect if it would render invalid a notice that was valid when filed."
*Id.* Because the new rule imposed new requirements that the
veteran's notice of appeal did not meet, the new rule did not apply
and "the requirements of the [prior] rule [must] govern Durr's notice
of appeal." *Id.*

The D.C. Circuit enforces the same bar on retroactive
rulemaking. In *Stolz v. FCC*, 882 F.3d 234 (D.C. Cir. 2018), it held
that an agency must give fair notice of a new procedural rule before

it can apply that rule to limit the arguments that a party can make in an application for review of the agency's actions. The review applicant in *Stolz* had sought to raise a new argument in a motion for reconsideration. *See id.* at 239. The FCC concluded that the argument was procedurally barred because it was not raised in a supplemental filing. *See id.*

The D.C. Circuit found that "[nothing] in the FCC's procedural regulations put claimants on fair notice that failure to file a nowhere-mentioned-in-the-rules supplemental documents will procedurally forfeit a claim." *Id.* The court reversed the agency's application of its procedural bar, holding that "[i]f an agency wants a procedural requirement to have the type of claim-foreclosing consequence the FCC attached here, it needs to be explicit about the rule and upfront about consequences of noncompliance." *Id.*; *see also Board of County Commissioners of Weld County, Colorado v. EPA*, 72 F.4th 284, 293 (D.C. Cir. 2023) ("We have made clear that because EPA lacks statutory authority to promulgate retroactive rules, it cannot impose on States new obligations with compliance deadlines already in the past.").

**II.    It is clear and indisputable that the USPTO's elimination of the *Fintiv* safe harbors is being applied retroactively—and is unconstitutional.**

By weighing an early trial date and progress in copending civil litigation against instituting review, the USPTO's *Fintiv* rule effectively imposes a shorter deadline for filing an IPR petition than the one-year deadline prescribed by 35 U.S.C. § 315(b)—in the USPTO's words, it "may require petitioners to act more quickly than the maximum amount of time permitted by Congress." *Apple Inc. v. Seven Networks, LLC*, IPR2020-00156 (Jun. 15, 2020).

The rule that the USPTO adopted on June 21, 2022, ("the Vidal Memo"),[2] created two safe harbors from this procedural bar: no *Fintiv* discretionary denial would be applied if the petitioner made a *Sotera* stipulation[3] not to raise prior art in district court that it reasonably could have raised in the IPR, or if the petition presented "compelling merits" of invalidity.[4]

---

[2] *See* USPTO, Interim Procedure for Discretionary Denials in AIA Post-Grant Proceedings With Parallel District Court Litigation, Jun. 21, 2022, *available at* https://tinyurl.com/2zj76t6n.

[3] *See Sotera Wireless, Inc. v. Masimo Corp.*, IPR2020-01019 (Dec. 1, 2020) (precedential decision).

[4] As Petitioner SAP America notes, the USPTO's 2022 memo was made "binding" and mandatory, *see* Pet. at 1, 7-11—effectively

In amici's experience, the Vidal memo was heavily relied on by petitioners—it brought much needed predictability to PTAB practice and afforded them time to draft a proper petition. For the very reasons why Congress set the statutory deadline at one year, petitioners often need more time to prepare a petition than what *Fintiv* allows: they need time to conduct a thorough prior art search and to learn which claims are being asserted in litigation.[5] Under the Vidal memo, by relying on the *Sotera* safe harbor, a petitioner could use its full statutory filing period and prepare a strong and targeted petition—and many did so.

The USPTO's February 28, 2025, rule change pulled the rug out from under all the petitioners who relied on the Vidal memo. Indeed, not only is a *Sotera* stipulation no longer a safe harbor;

---

foreclosing arguments that the 2022 memo and its repeal do not constitute a "rule." And *regardless* of whether the new procedural bars qualify as a rule for the Administrative Procedure Act's purposes, they remain constrained by principles of agency authority and due process.

[5] *See* 157 Cong. Rec. S5429 (daily ed. Sep. 8, 2011) (noting that Congress concluded that it was "appropriate to extend the section 315(b) deadline to one year" in order to "afford defendants a reasonable opportunity to identify and understand the patent claims that are relevant to the litigation" and "in light of the present bill's enhanced estoppels").

under the USPTO's new rule, a *Sotera* stipulation is almost worthless in overcoming an early trial date. The new rule was first applied by the Director in a set of decisions entered on March 28, 2025, and PTAB panels began applying the rule on April 4, 2025. Since then, by amici's count, at least 45 *inter partes* review petitions have been procedurally barred under *Fintiv* despite the petitioner's entry of a *Sotera* stipulation.[6]

---

[6] *See Motorola Solutions, Inc. v. Stellar, LLC*, IPR2024-01205, -01206, -01207, -01208 (Mar. 28, 2025); IPR2024-01284, -01285, -01313, -01314 (May 23, 2025); *Apple Inc. v. Haptic, Inc.*, IPR2024-01476, -01475 (Apr. 4, 2025); *SAP America, Inc. v. Cyandia, Inc.*, IPR2024-01496, -01495, -01432 (Apr. 7, 2024); *Dell Inc. v. Universal Connectivity Technologies, Inc.*, IPR2024-01479, -01478 (Apr. 7, 2025); -01428 (Apr. 8, 2025); -01480 (Apr. 24, 2025); *HP Inc. v. Universal Connectivity Technologies, Inc.*, IPR2024-01429 (Apr. 16, 2025); *Samsung Elecs. Co., Ltd. v. SiOnyx, LLC*, IPR2025-00064, -00065 (Apr. 10, 2025); *Lenovo (United States) Inc. v. Universal Connectivity Technologies, Inc.*, IPR2024-01482, -01481 (Apr. 17, 2025); *Charter Commc'ns, Inc. v. Adaptive Spectrum and Signal Alignment, Inc.*, IPR2024-01379 (Apr. 17, 2025); IPR2025-00012, -00013 (Apr. 28, 2025); IPR2025-00087 (May 5, 2025); IPR2025-00088 (May 21, 2025); *Samsung Elecs. Co., Ltd. v. Truesight Commc'ns LLC*, IPR2025-00123, -01477 (Apr. 21, 2025); *Google LLC and Samsung Elecs. Co., Ltd. v. Cerence Operating Co.*, IPR2024-01465, -01464 (Apr. 23, 2025); *Nokia of America Corp. v. Pegasus Wireless Innovation LLC*, IPR2025-00036, -0037 (Apr. 25, 2025); *Ericsson Inc. v. Pegasus Wireless Innovation LLC*, IPR2025-00084 (Jun. 6, 2025); *Solus Advanced Materials Co., Ltd. V. SK nexilis, Co., Ltd.*, IPR2024-01460 (Apr. 25, 2025); *Samsung Elecs. Am., Inc. v. Collision Commc'ns, Inc.*, IPR2025-00011 (Apr. 28, 2025); *Cipla Ltd v. Gilead Sciences Inc.*, IPR2025-00033 (May 15, 2025); *Innolux Corp v. Phenix Longhorn LLC*, IPR2025-00043 (May

Every single one of these petitions was filed in 2024, before the petitioners could possibly have known about the USPTO's February 28, 2025, rule change. Every single one was an important part of the petitioner's invalidity defense and cost over a $100,000 to prepare and file. Every single one of these petitions would have been immune from a *Fintiv* bar under the rules in place when the petition was filed. And every single one of these petitions has now been denied because of the February 28, 2025, rule change.[7]

These retroactive procedural denials are deeply prejudicial to petitioners. The PTAB is the only forum for reviewing patent validity that is staffed by technical experts. It was Congress itself

_____

15, 2025); *Ericsson Inc. et al. v. Procomm International Pte. Ltd.*, IPR2024-01455 (May 16, 2025); *TCL Elecs. Holdings Ltd. v. Maxell Ltd.*, IPR2025-00134, -00135 (May 20, 2025); *Samsung Bioepis Co Ltd v. Regeneron Pharmaceuticals Inc.*, IPR2025-00176, -00233 (Jun. 2, 2025); *Advanced Micro Devices, Inc. v. Xtreamedge Inc et al.*, IPR2025-00223 (Jun. 12, 2025); *Shenzhen Tuozhu Technology Co., Ltd. v. Stratasys Inc. et al.*, IPR2025-00354 (Jun. 12, 2025).

[7] In some recent cases, the USPTO also has denied review despite finding that the merits of the validity challenge were "strong"— confirming that the Vidal memo's merits safe harbor also has been retroactively repealed. *See, e.g., Samsung Elecs. Co., Ltd. v. SiOnyx, LLC*, IPR2024-00064, -00065 (Apr. 10, 2025); *Ericsson Inc. v. Pegasus Wireless Innovation LLC*, IPR2025-00084 (Jun. 6, 2025); *Nokia of America Corp. v. Pegasus Wireless Innovation LLC*, IPR2025-00036, -00037 (Apr. 25, 2025); *Klein Tools, Inc. v. Milwaukee Elec. Tool Corp.*, IPR2024-01401, -01400 (Jun. 9, 2025).

that determined that other fora were not sufficient for addressing the difficult scientific questions that often arise in patent cases. Although civil litigation has always been available, since 1980, Congress has authorized—and repeatedly reenacted and refined—post-issuance review at the USPTO.[8] This legislative judgment conforms with amici's experience: the PTAB is not simply another venue—the proceedings are different in kind, providing a markedly more reliable and accurate form of patent validity review.

The USPTO's retroactive repeal of access to PTAB proceedings is exactly the type of administrative action that the D.C. Circuit has condemned: "When a government agency officially and expressly tells you that you are legally allowed to do something," *PPH Corp.*, 839 F.3d at 47, "but later tells you 'just kidding' and enforces the law retroactively against you and sanctions you for actions you took

---

[8] *See* H.R. Rep. No. 96-1307, 96th Cong., at 4 (1980) (emphasizing the need "to have the validity of patents tested in the Patent office where the most expert opinions exist and at a much reduced cost") (report to accompany H.R. 6933, authorizing reexamination of patents); Weekly Compilation of Presidential Documents, President Jimmy Carter, Dec. 12, 1980, Vol. 16, No. 50 (Statement on Signing H.R. 6933 into Law) ("Patent reexamination will . . . . will improve the reliability of reexamined patents, thereby reducing the costs and uncertainties of testing patent validity in the courts.").

in reliance on the government's assurances, that amounts to a serious due process violation." *Id.*

There can be no doubt that the USPTO's new *Fintiv* rule is being applied retroactively—and constitutes a due process violation. "A law is retrospective if it changes the legal consequences of acts completed before its effective date." *Miller v. Florida*, 482 U.S. 423, 430 (1987) (citation omitted). A "retroactive statute gives 'a quality or effect to acts or conduct which they did not have or did not contemplate when they were performed.'" *Landgraf*, 511 U.S. at 269 n. 23 (quoting *Union Pacific R. Co. v. Laramie Stock Yards Co.*, 231 U.S. 190, 199 (1913).

The February 28, 2025, action plainly changes the "legal consequences" of relying on a *Sotera* stipulation—it converts its "quality or effect" from an absolute safe harbor from the *Fintiv* procedural bar to a virtual irrelevancy, something that petitioners "did not contemplate" when they filed their petitions last year.

Although some procedural rules can be applied to pending cases without violating due process, deadlines and related procedural bars are different. As *Landgraf* itself noted, "[a] new rule concerning the filing of complaints would not govern an action in which the complaint had already been properly filed under the old

regime." *Landgraf*, 511 U.S. at 275 n. 29; *see also Whitserve, LLC v. Computer Packages, Inc.*, 694 F.3d 10, 31 n. 14 (Fed. Cir. 2012) (declining to apply on appeal a "new rule of evidence [that was announced] after trial.") (citing *Landgraf*, 511 U.S. at 275 n. 29).

The key distinction for constitutional purposes is whether application of a new procedural bar to pending cases still affords parties a reasonable opportunity to comply with it.  As the Supreme Court has emphasized, "[t]he Constitution . . . requires that statutes of limitations must allow a reasonable time after they take effect for the commencement of suits upon existing causes of action." *Block v. North Dakota ex rel. Bd. of University and School Lands*, 461 U.S. 273, 286 n. 23 (1983) (citations omitted). "[S]tatutes of limitation affecting existing rights are not unconstitutional, if a reasonable time is given for the commencement of an action before the bar takes effect." *Texaco, Inc. v. Short*, 454 U.S. 516, 527 n. 21 (1982) (quoting *Terry v. Anderson*, 95 U.S. 628, 632 (1877)).[9]

_____

[9] *See also Ross v. Artuz*, 150 F.3d 97, 100 (2nd Cir. 1998) ("[Even] where it is clear that Congress intended to foreclose suits on certain claims, the Constitution requires that statutes of limitations must allow a reasonable time after they take effect for the commencement of suits upon existing causes of action.") (citations and quotations

Notably, this constitutional limitation on retroactive rulemaking applies even to *legislative* rulemaking. Even "[t]he *legislature* cannot extinguish an existing cause of action by enacting a new limitation period without first providing a reasonable time after the effective date of the new limitation period in which to initiate the action." *Brown v. Angelone*, 150 F.3d 370, 373 (4th Cir. 1998) (emphasis added); *see also Block*, 461 U.S. at 286 n. 23 (discussing congressional legislation); *Ross v. Artuz*, 150 F.3d at 100 (same).

Congress and the state legislatures do have some power to enact retroactive rules—within constitutional limits. But an administrative agency has no power to apply rules retroactively *at all* (absent express authorization from Congress, which the USPTO conspicuously lacks). This Court need not identify the limits on *congressional* power to retroactively change procedural bars in order to conclude that the USPTO's foray into retroactive rulemaking is illegal *ab initio*.

---

omitted); *In re Apex Exp. Corp.*, 190 F.3d 624, 642 (4th Cir. 1999) (noting "the constitutional concerns that would be associated with a retroactive reduction in the statute of limitations."); *Steven I. v. Central Bucks School Dist.*, 618 F.3d 411, 414-15 (3rd Cir. 2010); *Chenault v. U.S. Postal Service*, 37 F.3d 535, 539 (9th Cir. 1994).

**III. There is a pressing need for this Court's intervention to restore due process at the USPTO.**

The USPTO's February 28 action repealing the *Fintiv* safe harbors was only the beginning of the agency's new experiment with promulgating procedural bars without formal rulemaking and applying them retroactively to pending cases. On June 6, 2025, the agency announced a new rule rejecting a petition based on "settled expectations" because the petitioner had cited the challenged patent in an Information Disclosure Statement in one of its own patent applications. *See iRhythm Inc et al. v. Welch Allyn Inc.*, IPR2025-00363 (Jun. 6, 2025). And on June 18, 2025, the USPTO applied this "settled expectations" rule to deny a petition when the petitioner did *not* have any notice of the patent—and likely would not even have standing to appeal a preemptive PTAB challenge to an Article III court. *See Dabico Airport Sols. Inc v. HydraFacial LLC et al.*, IPR2025-00408 (Jun. 18, 2025).

As a former senior leader at the USPTO has noted, the public had no notice that such a rule would be imposed—its application to

pending cases is "literally the complete opposite of settled expectations."[10]

The agency also has retroactively changed its rule regarding institution of PTAB review when a district court found the patent invalid.  Previously, in a decision by the Director herself, the agency held that such a petition should not be procedurally barred if it presents a strong case on the merits.  *See AviaGames, Inc. v. Skillz Platform, Inc.*, IPR 2022-00539 (Mar. 2, 2023) (noting that if the district court's decision is reversed on appeal, "Petitioner will be barred under 35 U.S.C. § 315(b) from bringing a new challenge in an IPR petition.").  Under the new rule—recently designated as informative by the USPTO— such petitions are now automatically procedurally barred, regardless of their merits.  *See Hulu, LLC v. Piranha Media Distribution, LLC*, IPR2024-01252, -01253 (Apr. 17, 2025).  Once again, this new rule is being applied retroactively against petitioners who relied on the rule that was in place when

---

[10] Dani Kass, "Stewart's Newest Discretionary Denial Has Attorneys on Edge," Law360, Jun. 10, 2025 (quoting former USPTO Solicitor Thomas Krause); *see also* Melissa Ritti, "Reliance on 'settled expectations' leaves ex-USPTO leaders unsettled," MLex, Jun. 10, 2025 (describing the *iRhythm* decision as "pure insanity;" "under any rational system of agency procedure or patent law, you wouldn't get a decision like this.") (quoting Mr. Krause).

they filed their petitions[11]—indeed, the USPTO has even applied the rule to a deinstitute a petition that was filed in **June of 2023** and that had already resulted in a final written decision.[12]

In another recent decision, the agency has begun applying assignor estoppel to reject PTAB petitions, *see Tessell, Inc. v. Nutanix, Inc.*, IPR2025-00322 (Jun. 12, 2025)—another procedural bar that is being applied retroactively against petitioners who relied on this Court's prior determination that assignor estoppel does *not* apply to PTAB reviews.  *See Arista Networks, Inc. v. Cisco Systems, Inc.*, 908 F.3d 792 (Fed. Cir. 2018).

The USPTO also appears to be retroactively applying a new rule that procedurally bars a petition if it relies on prior art that was cited in an Information Disclosure Statement (regardless of whether the examiner considered the reference).  *See Skechers USA Inc v. Nike Inc.*, IPR2025-00141 (Jun. 10, 2025).

---

[11] *See, e.g., Shopify Inc v. DKR Consulting LLC*, IPR2025-00132, -00130, -00133 (May 29, 2025 ), IPR2025-00131 (Jun. 2, 2025); *Highlevel Inc v. Clickfunnels et al.*, IPR2025-00234, -00235 (Jun. 2, 2025).

[12] *See Verizon Connect Inc v. Omega Patents LLC*, IPR2023-01162 (Jun. 3, 2025).

The retroactive repeal of the *Fintiv* safe harbors was not an isolated event. The USPTO has apparently decided that it has full authority to not just promulgate new rules without notice-and-comment rulemaking, but to apply such rules retroactively to parties who relied on the agency's prior rules. If such behavior is left uncorrected by this Court, the public can expect more such actions from the USPTO.

While the USPTO's PTAB institution decisions involve the exercise of discretion, such discretion is bound by law—and the requirements of due process. Even Congress—which has the authority to shorten a statutory deadline or even repeal the underlying cause of action—is precluded by due process requirements from applying new procedural bars to pending causes without affording parties a reasonable opportunity to comply with the new rules. The USPTO, which lacks any authority at all to regulate retroactively, has plainly exceeded its authority.

## CONCLUSION

The petition for relief should be granted. In its statement of relief sought, petitioner SAP asks that the repeal of the *Fintiv* safe harbors be made applicable only to petitions filed after February 28, 2025. Due process, however, requires that petitioners also be afforded a reasonable opportunity to comply with a new procedural bar. The decision to rely on a *Sotera* stipulation and file later within the statutory time period is made many months before a *Sotera*-backed petition is filed. By the time such a petition is filed, it may well be *Fintiv*-barred absent the safe harbor. Moreover, the USPTO lacks *any* authority to retroactively shorten the *Fintiv* time bar.

Amici propose that appropriate relief would be to make any new and more restrictive *Fintiv* bar applicable only to petitions for which the copending litigation was filed after the adoption of the new rule. The *Fintiv* bar is effectively triggered by the filing of the district court action. Such a remedy would accord with the courts' approach of crafting "grace periods" when the legislature applies a shortened time limitation to pending causes of action without affording parties a reasonable opportunity to comply. *See, e.g.*, *Rogers v. United States*, 180 F.3d 349, 354 (1st Cir. 1999) (shortened statutory limitations period will only run from the date the statute became effective); *Schweihs v. Burdick*, 96 F.3d 917, 919 (7th Cir. 1996) ("Courts have

determined reasonable periods on a case-by-case basis and have approved periods as short as nine months and as long as fifteen months.") (citations omitted).

Respectfully submitted,

/s/ *Joseph Matal*

Joseph Matal
CLEAR IP, LLC
888 16th St., NW
Suite 300
Washington, DC 20006
(202) 654-4500
Joseph.Matal@clearpatents.com

*Counsel for Amici Curiae*

Dated:  June 20, 2025

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), the undersigned counsel for amici curiae certifies that this brief:

(3)  complies with the type-volume limitation of Federal Rule of Appellate Procedure 29(b)(4) and Federal Circuit Rule 40(i)(3) because it contains 3900 words, including footnotes and excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f) and Federal Circuit Rule 32(b); and

(4)  complies with the typeface and style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (a)(6) because this document has been prepared using Microsoft Office Word and is set in the Bookman Old Style font in a size equivalent to 14 points or larger.

Dated:  June 20, 2025                    */s/ Joseph Matal*