**Nos. 25-132 and 25-133**

**UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT**

———————————

IN RE SAP AMERICA, INC.,
*Petitioner.*

———————————

On Petitions for Writs of Mandamus to the United States Patent and
Trademark Office, Patent Trial and Appeal Board in
Nos. IPR2024-01495 and IPR2024-01496

———————————

**BRIEF OF AMICI CURIAE FORMER JUDGES, FORMER
ITC VICE CHAIRMAN, AND ACADEMIC SCHOLARS IN
OPPOSITION OF PETITION FOR WRITS OF MANDAMUS**

———————————

Matthew J. Dowd
Dowd Scheffel PLLC
1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
(202) 995-9175
mdowd@dowdscheffel.com

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

### CERTIFICATE OF INTEREST

**Case Number**   25-132 and 25-133

**Short Case Caption**   In re SAP America, Inc.

**Filing Party/Entity**   Former Judges, Former ITC Vice-Chairman, and Academic Scholars

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.


Date: July 18, 2025

Signature:   /s/ Matthew J. Dowd

Name:   Matthew J. Dowd

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.  ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.  ☑ None/Not Applicable |
| Hon. Kathleen M. O'Malley | | |
| Hon. Randall R. Rader | | |
| Hon. Susan G. Braden | | |
| Hon. Ronald A. Cass | | |
| Richard A. Epstein | | |
| Keith N. Hylton | | |
| Bowman Heiden | | |
| Adam MacLeod | | |
| Adam Mossoff | | |
| Kristen Jakobsen Osenga | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| Matthew J. Dowd  (Dowd Scheffel PLLC) | | |
| | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☐ Yes (file separate notice; see below) ☐ No ☑ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES.......................................................................iii

INTEREST OF *AMICI CURIAE* ............................................................. 1

SUMMARY OF ARGUMENT.................................................................. 2

ARGUMENT......................................................................................... 4

I.  Congress Expressly Granted Discretion to the USPTO Director in IPR Institution Decisions .............................................. 4

II.  When Congress Created IPR Proceedings, It Did Not Grant to Petitioners a Constitutionally Protected Property Right to IPR Petitions ..................................................................... 6

III.  Conclusion ...................................................................... 13

APPENDIX

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*American Horse Protection Association, Inc. v. Lyng,*
812 F.2d 1 (D.C. Cir. 1987) ................................................. 11

*Apple Inc. v. Vidal,*
63 F.4th 1 (Fed. Cir. 2023) ................................................. 10

*Cafeteria & Restaurant Workers Union, Local 473 v. McElroy,*
367 U.S. 886 (1961) ................................................. 8

*Cuozzo Speed Technologies, LLC v. Lee,*
579 U.S. 261 (2016) ................................................. 4, 5

*Heckler v. Chaney,*
470 U.S. 821 (1985) ................................................. 11

*Massachusetts v. EPA,*
549 U.S. 497 (2007) ................................................. 10, 11

*Mylan Laboratories Ltd. v. Janssen Pharmaceutica, N.V.,*
989 F.3d 1375 (Fed. Cir. 2021) ................................................. 10

*Natural Resource Defense Council, Inc. v.*
*U.S. Food & Drug Administration,*
760 F.3d 151 (2d Cir. 2014) ................................................. 11

*Oil States Energy Services, LLC v. Greene's Energy Group, LLC,*
584 U.S. 325 (2018) ................................................. 6, 7

*SAS Institute Inc. v. Iancu,*
584 U.S. 357 (2018) ................................................. 4, 10

*Board of Regents of State Colleges v. Roth,*
408 U.S. 564 (1972) ................................................. 7, 9

*Thryv, Inc. v. Click-To-Call Technologies, LP,*
590 U.S. 45 (2020) ................................................. 5, 10

*United States v. Arthrex, Inc.,*
  594 U.S. 1 (2021) ................................................................. 4

**Other Sources**

Adam Mossoff, *Statutes, Common-Law Rights, and the Mistaken
  Classification of Patents as Public Rights,*
  104 Iowa Law Review 2591 (2019) ........................................ 8

Brief for SAP America, Inc. et al. as Amici Curiae in Support of
  Respondents, *Oil States Energy Services, LLC v. Greene's
  Energy Group, LLC*, 584 U.S. 325 (2018) (No. 16-712) ........ 3, 7, 12, 13

**Statutes**

35 U.S.C. § 314(d) ................................................................. 4

35 U.S.C. § 316(a)(2) .............................................................. 4

**Rules**

Fed. R. App. P. 29(c)(4) .......................................................... 1

# INTEREST OF *AMICI CURIAE*

*Amici Curiae* are three former federal judges, one former vice chairman of the U.S. International Trade Commission, and six scholars who specialize in patent law, constitutional law, and innovation issues. They have an interest in ensuring the patent system continues to secure to innovators the fruits of their inventive labors under the Constitution and in the administrative practices and doctrines governing the operations of the Patent Trial and Appeal Board ("PTAB"). They have no stake in the parties or in the outcome of the case.[1] The names and affiliations of the *Amici* members are set forth in the attached Appendix.

---

[1] No party's counsel authored this brief in whole or part; no party or party's counsel contributed money intended to fund preparing or submitting this brief; and no person other than amici or their counsel contributed money to fund preparing or submitting this brief. Fed. R. App. P. 29(c)(4).

# SUMMARY OF ARGUMENT

The parties are expected to fully address the case law governing the due process and separation-of-powers arguments by SAP America, Inc. ("SAP"). *Amici* thus offer an additional insight concerning the fundamental legal failing in SAP's challenge of the discretionary denials of Inter Partes Review ("IPR") petitions by the Acting Director of the United States Patent and Trademark Office ("USPTO"): Given the plain meaning of the patent statutes and the multiple Supreme Court decisions applying these statutory provisions, IPR petitioners do not have a property right in IPR petitions, and such a property right is a necessary predicate for applying constitutional due process protections.

*Amici* offer two grounds to support their thesis that SAP cannot claim a violation of its constitutional due process rights by the discretionary denial of its IPR petition. First, SAP asks this Court to ignore Congress's statutory design of the PTAB that the Director has unreviewable discretion in IPR institution decisions. This unreviewable discretion establishes that filing an IPR petition at the institution stage does not create a private property right for which its owner receives due process protections.

Second, the Supreme Court's recent, multiple decisions arising out of IPR proceedings have established that IPR proceedings are fundamentally defined by administrative discretion in its operations in addressing legal issues of "public right." Thus, under those precedents, IPR petitions do not implicate for petitioners the protections for due process and private rights secured under the Constitution. SAP nonetheless asks this Court to ignore the Supreme Court's multiple decisions, and, in doing so, SAP's argument reduces to a simple and untenable claim: "Due process for me (IPR petitioners), but not for thee (patent owners)."

In fact, SAP made the opposite argument before the Supreme Court when it contended that retroactive application of IPR decisions to patents granted before Congress created the PTAB does not violate constitutional protections for patent owners. *See*, *e.g.*, Brief for SAP America, Inc. et al. as Amici Curiae in Support of Respondents at 8–9, *Oil States Energy Servs., LLC v. Greene's Energy Grp., LLC*, 584 U.S. 325 (2018) (No. 16-712). SAP now asserts the opposite argument when the shoe is on the other foot. This is anathema to the concept of due process. Thus, this Court should deny SAP's mandamus petition.

# ARGUMENT

## I. Congress Expressly Granted Discretion to the USPTO Director in IPR Institution Decisions

As the Supreme Court has recognized, the PTAB is a unique tribunal in the modern administrative state, given that it is an administrative agency tribunal with discretionary powers but also has features of an Article III court, such as adversarial proceedings between private parties. *United States v. Arthrex, Inc.*, 594 U.S. 1, 8–9 (2021); *SAS Inst., Inc. v. Iancu*, 584 U.S. 357, 361–62 (2018); *Cuozzo Speed Techs., LLC v. Lee*, 579 U.S. 261, 268 (2016). In designing the PTAB and IPR proceedings, Congress made clear that, barring express statutory limitations on the substance of petitions or hearing proceedings, *SAS Inst.*, 584 U.S. at 364-65, the USPTO Director has the unreviewable discretion to decide whether to institute an IPR proceeding, 35 U.S.C. § 314(d), and in articulating the "standards" for exercising this discretion, *id.* § 316(a)(2). *See SAS Inst.*, 584 U.S. at 364-65 ("The Director, we see, is given only the choice 'whether' to institute an inter partes review. That language indicates a binary choice—either institute review or don't.").

The *Cuozzo* Court bluntly and unequivocally made the same point about the Director's unreviewable discretion in IPR institution decisions:

"[W]e believe that Cuozzo's contention that the Patent Office unlawfully initiated its agency review is not appealable. For one thing, that is what § 314(d) says." 579 U.S. at 271. The Court further chastised the patent owner for "read[ing] into the [statutory] provision a limitation (to interlocutory decisions) that the language nowhere mentions and that is unnecessary." *Id.* at 273. Faced with *Cuozzo*'s refusal to rewrite § 314(d), SAP now attempts an end-run around that decision by filing a mandamus petition instead of an interlocutory appeal. But this end-run is flawed: "The text of the 'No Appeal' provision, along with its place in the overall statutory scheme, . . . and Congress' purpose in crafting inter partes review, all point in favor of precluding review of the Patent Office's institution decisions." *Id.* at 274.

Four years later in *Thryv, Inc. v. Click-To-Call Technologies, LP*, 590 U.S. 45 (2020), the Supreme Court emphasized this same doctrinal point about the statutory authorization of the Director's unreviewable decision-making on IPR petitions. The *Thryv* Court recognized that a core function of the prohibition on judicial review of institution decisions "is to minimize burdensome overlap between inter partes review and patent-infringement litigation." *Id.* at 56. This was prescient because

reducing inefficient overlapping Article II IPRs proceedings and Article III district court patent litigation became a core justification for the original *Fintiv* factors for discretionary denials. In filing a mandamus petition, SAP is engaging in an end-run around Congress's statutory framework and its prohibition on interlocutory appeals of the Director's institution decisions.

## II. When Congress Created IPR Proceedings, It Did Not Grant to Petitioners a Constitutionally Protected Property Right to IPR Petitions

SAP's constitutional claim to due process protections for IPR petitions fails to account for the Supreme Court's reasoning in *Oil States Energy Services, LLC v. Greene's Energy Group, LLC* that the statutory design of IPR proceedings establishes that it is fundamentally an institution defined by administrative discretion in deciding matters of "public right," and thus it does not implicate matters of private rights secured under the Constitution. 584 U.S. 325, 336 (2018). Notably, SAP does not acknowledge *Oil States* in its petition. SAP effectively asks this Court to ignore *Oil States* and other Supreme Court decisions about the requirements for applying constitutional protections both generally and specifically to IPR proceedings. Moreover, SAP advances a blatantly self-

serving argument for due process that contradicts its own argument in *Oil States* that the retroactive application of IPR decisions is constitutionally legitimate.

The express statutory limits on the Director's discretionary denials of IPR petitions have not been violated in this case, and thus SAP is asserting in a mandamus petition a violation of its constitutional due process right. SAP's specific argument that it has a property interest secured by the Due Process Clause in a *Sotera* declaration as part of its IPR petition presupposes logically and legally that an IPR petition itself creates a property interest for purposes of constitutional due process protections. Since IPR petitions are not constitutionally secured property interests under the Due Process Clause, then subsidiary IPR petition entitlements like *Sotera* declarations are not protectible property interests.

"To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). Here, *Roth*'s guidance confirms that nothing about an IPR petition qualifies for due process protection.

The statutory right to file an IPR petition lacks the indicia of a property interest secured by the Due Process Clause because that right is statutorily subject to the USPTO Director's unreviewable discretion to deny institution of any IPR proceeding. The America Invents Act of 2011 ("AIA")—the organic statute creating the PTAB and IPR proceedings—is clear that an IPR petition is not a constitutionally secured property interest, especially given the Director's unreviewable discretion to deny an IPR petition within the express statutory limits. *See* § I, *supra*.

A legitimate claim to a property right requiring constitutional protection of due process is based either in a longstanding private right or in the nature of the entitlement created by statute. *See Cafeteria & Rest. Workers Union, Local 473 v. McElroy*, 367 U.S. 886, 896 (1961) ("Where it has been possible to characterize that private interest . . . as a mere privilege subject to the Executive's plenary power, it has traditionally been held that [Due Process Clause requirements of] notice and hearing are not constitutionally required."); *see also* Adam Mossoff, *Statutes, Common-Law Rights, and the Mistaken Classification of Patents as Public Rights*, 104 Iowa L. Rev. 2591, 2595–99 (2019) (describing distinction

between public rights and private rights as basis for constitutional protections).

In *Roth*, for example, the Supreme Court rejected a due process claim to an adversarial hearing by a state university professor whose term contract was not renewed; there was no reasonable expectation in this entitlement as a property right.  408 U.S. at 579 (holding that "respondent has not shown that he was deprived of liberty or property protected by the [Due Process Clause in the] Fourteenth Amendment").  In reaching its holding, the Court reviewed many cases in which the Supreme Court held that the necessary predicate for constitutional due process protection—a property right vested by statute or a traditional private property right—was lacking.  *Id.* at 572–73.  In the reviewed cases, a claimant's legal entitlement was defined by executive discretion or by the absence of vested property-like expectations in the legal creation of this interest in a statute. *Id*.

As explained above, Congress made clear in the AIA that the Director's IPR institution decision is the portion of the hybrid PTAB administrative-court proceedings defined by unreviewable discretion within the express limits set forth by Congress.  The Supreme Court has affirmed

this plain meaning and congressional intent in discretionary IPR institution decisions, even while acknowledging some express formal limits in the AIA on the Director's IPR institution decision-making authority. *See SAS Inst.*, 584 U.S. at 365 ("Nothing suggests the Director enjoys a license to depart from the petition and institute a different inter partes review of his own design."); *Thryv*, 590 U.S. at 49 (one-year estoppel). This Court has rightly followed the plain text of the AIA and the Supreme Court's construction of this statutory text in affirming the USPTO Director's discretionary-denial authority for IPR petitions. "The Director is permitted, but never compelled, to institute an IPR[, a]nd *no petitioner has a right to such institution.*" *Apple Inc. v. Vidal*, 63 F.4th 1, 6 (Fed. Cir. 2023) (quoting *Mylan Lab'ys Ltd. v. Janssen Pharmaceutica, N.V.*, 989 F.3d 1375, 1382 (Fed. Cir. 2021)) (emphasis added). There is no basis in the organic statute creating IPR proceedings, as repeatedly and consistently confirmed by the Supreme Court, for SAP to claim a vested property right requiring due process protection under the Constitution.

This conclusion aligns with well-established and longstanding legal authority in administrative law that agencies have substantial discretion to not undertake enforcement actions. *See Massachusetts v. EPA*, 549

U.S. 497, 527 (2007) (recognizing the legal principle in administrative law that "discretion is at its height when the agency decides not to bring an enforcement action"); *Heckler v. Chaney*, 470 U.S. 821, 831 (1985) ("This Court has recognized on several occasions over many years that an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion."); *Am. Horse Protection Ass'n, Inc. v. Lyng*, 812 F.2d 1, 4 (D.C. Cir. 1987) (recognizing the significant discretionary authority in an agency's refusal to undertake an enforcement action given in part its similarity to a prosecutorial decision not to indict, "which traditionally involve executive control and judicial restraint").

In 2014, for example, the Court of Appeals for the Second Circuit acknowledged the settled law that "[i]t is rare that agencies lack discretion to choose their own enforcement priorities." *Nat. Res. Def. Council, Inc. v. FDA*, 760 F.3d 151, 171 (2d Cir. 2014). Thus, when the Director exercises his or her discretion under the AIA when denying institution of an IPR proceeding, the Director is exercising discretion authorized by the AIA's plain text, by the Supreme Court's multiple decisions applying this text, and by administrative law precedent that agencies have

discretionary authority in choosing not to act.  In sum, SAP has no basis to claim a vested property right as the predicate for due process protection in the AIA, in Supreme Court precedent directly addressing IPR proceedings, or in longstanding administrative law doctrine concerning an agency's discretionary authority to choose not to act.

Lastly, SAP's claim to constitutional due process protection in IPR petitions relying on interim agency guidance is a self-serving argument that conflicts with SAP's prior argument to the Supreme Court that patent owners cannot claim constitutional protections in retroactive IPR proceedings.  SAP argues that Acting Director Stewart has violated its constitutional right of due process in retroactively applying the original *Fintiv* factors in denying its IPR petition that it filed under the revised *Fintiv* doctrine created by former USPTO Director Kathi Vidal.  Yet, in *Oil States*, SAP argued that the retroactive application of IPR decisions to patents granted before the creation of IPR proceedings did not create a valid claim for constitutional protection.  *See Brief for SAP America, Inc. et al. as Amici Curiae in Support of Respondents* at 8–9, *Oil States*, 584 U.S. 325 (No. 16-712).  According to SAP, the patent owner "knew that the patent it sought would be subject to a reexamination request by

anyone in the world, including the Commissioner (now Director) of Patents" since Congress created reexamination proceedings in 1980. *Id.*

Applying SAP's own reasoning from its *Oil States* brief, SAP was on notice here since the creation of IPR proceedings in 2011 that discretionary denials can and will occur. It was specifically on notice that the original *Fintiv* factors in 2020, and the amendments with the *Sotera* declaration rule in former Director Vidal's guidance in 2022, applied retroactively to IPR petitions that had been filed before their respective dates of adoption in 2020 and 2022.

In sum, now that the proverbial shoe is on the other foot, SAP asserts a constitutional due process argument that is at odds with its contention in *Oil States*. SAP's new argument is: "Due process for me (IPR petitioner), but not for thee (patent owner)." This is anathema to the concept of due process.

## III. Conclusion

For the foregoing reasons, this Court should deny SAP's mandamus petition.

Date: July 18, 2025                    Respectfully submitted,

By: */s/ Matthew J. Dowd*____
Matthew J. Dowd
Dowd Scheffel PLLC
1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
(202) 559-9175
mdowd@dowdscheffel.com

*Counsel for Amici Curiae*

# Appendix – Full List of *Amici Curiae**

The Honorable Kathleen M. O'Malley
*Circuit Judge (Retired)*
U.S. Court of Appeals for the Federal Circuit

The Honorable Randall R. Rader
*Chief Judge (Retired)*
U.S. Court of Appeals for the Federal Circuit

The Honorable Susan G. Braden
*Chief Judge (Retired)*
U.S. Court of Federal Claims

The Honorable Ronald A. Cass
*Former Vice Chairman (Retired)*
U.S. International Trade Commission
*Dean Emeritus*
Boston University School of Law

Richard A. Epstein
*Laurence A. Tisch Professor of Law*
New York University School of Law
*James Parker Hall Distinguished Service Professor of Law Emeritus*
University of Chicago Law School

Keith N. Hylton
*William Fairfield Warren Distinguished Professor*
Boston University School of Law

Bowman Heiden
*Executive Director*
Tusher Strategic Initiative for Technology Leadership
University of California, Berkeley

---

\* Institutions of all signatories are for identification purposes only. The undersigned do not purport to speak for their institutions, and the views of *Amici* should not be attributed to these institutions.

Adam J. MacLeod
*Katherine A. Ryan Chair for Global and International Law*
*Professor of Law*
St. Mary's University School of Law

Adam Mossoff
*Professor of Law*
Antonin Scalia Law School
George Mason University

Kristen Jakobsen Osenga
*Austin E. Owen Research Scholar & Professor of Law*
University of Richmond School of Law

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS</u>

**Case Number:** 25-132 and 25-133

**Short Case Caption:** In Re SAP America, Inc.

> **Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

- ☑ the filing has been prepared using a proportionally-spaced typeface and includes ___2766_____ words.

- ☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

- ☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: July 18, 2025

Signature: /s/ Matthew J. Dowd

Name: Matthew J. Dowd